Sean M. Morris
Jori Quinlan
WORDEN THANE P.C.
321 W. Broadway St., Ste. 300
Missoula, MT 59802
(406) 721-3400
smorris@wordenthane.com
jquinlan@wordenthane.com

    *Attorneys for Defendants Michael L. Goguen; the Trustee of the Michael L. Goguen Trust; Whitefish Frontiers, LLC; Valley Oak, LLC; Casey's Management, LLC; Two Bear Security, LLC; Two Bear Air 1, LLC; Crystal Slopeside, LLC; and Two Bear Air Rescue Foundation*

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MATTHEW MARSHALL; JOHN MAGUIRE; KEEGAN BONNET; and ANTHONY AGUILAR, Individuals,<br><br>    *Plaintiff[s]*,<br><br>    v.<br><br>MICHAEL L. GOGUEN, an individual; The Trustee of the MICHAEL L. GOGUEN TRUST, a California Trust; WHITEFISH FRONTIERS, L.L.C., a Delaware limited liability company; VALLEY OAK, LLC, a Delaware limited liability company; PROOF RESEARCH, INC., a Delaware corporation; CASEY'S MANAGEMENT, LLC; TWO BEAR SECURITY, LLC; TWO BEAR AIR 1, LLC; CRYSTAL SLOPESIDE, LLC; TWO BEAR AIR RESCUE FOUNDATION, a Delaware non-profit corporation; | CV-21-19-M-DWM<br><br><br>**BRIEF IN SUPPORT OF GOGUEN DEFENDANTS' MOTION FOR PRO HAC VICE ADMISSION OF DIANE M. DOOLITTLE, BRUCE VAN DALSEM, AND ADAM J. DICLEMENTE** |

| | |
|---|---|
| KAREN VALLADAO, an individual; FRANK, RIMERMAN + CO. LLP, believed to be a California limited liability partnership; SHANE ERICKSON, an individual,<br><br>*Defendants.* | |

Defendants Michael L. Goguen, the Trustee of the Michael L. Goguen Trust, Whitefish Frontiers, LLC, Valley Oak, LLC, Casey's Management, LLC, Two Bear Security, LLC, Two Bear Air 1, LLC, Crystal Slopeside, LLC, and Two Bear Air Rescue Foundation (collectively, the "Goguen Defendants") file this brief in support of their motion for an Order admitting Diane M. Doolittle, Bruce Van Dalsem, and Adam J. DiClemente of Quinn Emanuel Urquhart & Sullivan, LLP to appear *pro hac vice* in the above-captioned case.

The decision whether to grant leave to appear *pro hac vice* is "solely at the discretion of the presiding judge," D. Mont. L. R. 83.1(d)(4) (Dec. 1, 2019), and "[o]rdinarily a motion *pro hac vice* is granted *pro forma*," *Cyphers v. Fuji Heavy Industries Co., Ltd.*, 32 F. Supp. 2d 1199, 1199 (D. Mont. 1998). This is because "[p]arties have a well-recognized and entirely reasonable interest in securing counsel of their choice." *Nelson v. Hartford Ins. Co. of the Midwest*, CV 11-162-M-DWM, 2012 WL 761965 (D. Mont. Mar. 8, 2012) (quoting *Murray v. Metropolitan Life Ins. Co*, 583 F.3d 173, 180 (2d Cir. 2009)).

Plaintiffs' opposition to the Goguen Defendants' *pro hac vice* motion is an improper attempt to interfere with the Goguen Defendants' choice of counsel, and their arguments—which amount to arguments for disqualification of counsel—are premature. (See Ex. 1, Decl. of Jori Quinlan, ¶ 4 (June 29, 2021); Ex. 2, Email exchange.)

A motion for *pro hac vice* admission is not the forum for discussion of the legal and factual merits of a litigant's position. However, a few brief points regarding the allegations in the Complaint are useful. As set out in the Brief in Support of the Goguen Defendants' Rule 12(b)(6) Motion to Dismiss, filed contemporaneously herewith, Plaintiffs allege the existence of a so-called "Goguen Sexual Enterprise" under RICO. This "enterprise" purportedly undertook to obscure criminal activities engaged in by the Defendants. No attorneys or law firms are named as Defendants but, among the 564 specious allegations in the Complaint, some paragraphs assert that the enterprise included "law firm participants." The allegations do not define or purport to materially explain the who, what, where, when, or how, any such "law firm participants" or "personal attorneys" are part of the alleged enterprise. (See Compl. ¶¶ 101, 102, 193, 234, 242, 274, 356, 375-376). As to Quinn Emanuel Urquhart & Sullivan, the Complaint states only that Marshall and Mr. Goguen at one time "met with Goguen's attorneys …. In Los Angeles regarding Baptiste's complaint." *Id.* ¶ 280.

Ms. Doolittle and Mr. Van Dalsem, each a partner at Quinn Emanuel, were counsel to Mr. Goguen in the lawsuit against him filed by Amber Baptiste, which resolved with a judicial decision dismissing Ms. Baptiste's claims and a judgment against her. *See* Brief in Support of the Goguen Defendants' Motion to Dismiss, n. 3.

The apparent basis for Plaintiffs' opposition to *pro hac vice* admission is their assertion that "we expect to subpoena Quinn Emanuel and likely depose Doolittle and Van Dalsem and others in relation to this action," (See Ex. A, Decl. of Jori Quinlan, ¶ 4 (June 29, 2021); Ex. 2), which invokes the "necessary witness" principle. There is no basis to apply that principle to deny *pro hac vice* appearances by the Goguen Defendants' counsel of choice.[1]

If leave to appear is granted, *pro hac vice* counsel, like local counsel, will be subject to the American Bar Association's Model Rules of Professional Conduct, the Montana Rules of Professional Conduct, and the disciplinary authority of the Court. *Cyphers*, 32 F. Supp. 2d at 1200; D. Mont. L. R. 83.2(a). This includes Rule 3.7 of the Montana Rules of Professional Conduct, which prohibits an attorney who is "likely to be a necessary witness" from acting ***as an advocate at trial***. Relevant here, such an attorney "may still participate as counsel or co-counsel in

---

[1] Further, Plaintiffs' references to "attorneys" or "legal representatives" in the Complaint are so vague and nondescript that they could foreseeably assert the present argument against any firm who sought to appear *pro hac vice* as counsel for the Goguen Defendants. Neither the rules of professional conduct, the law, nor basic principles of equity endorse such an approach.

other ways that are consistent with the applicable rules and case law, ***including all pretrial activities besides depositions***." *Timlick v. Liberty Mut. Ins. Co.*, CV 19-99-M-DLC-KLD, 2019 WL 4934782, at *2 (D. Mont. Oct. 7, 2019) (citing *Nelson v. Hartford Ins. Co. of the Midwest*, CV 11-162-M-DWM, 2012 WL 761965 (D. Mont. Mar. 8, 2012)) (emphasis added). Attorneys admitted to practice *pro hac vice* are likewise bound by the rules governing conflicts of interest and confidentiality, including Rules 1.6, 1.7, 1.8, 1.9, and 1.10 of the Montana Rules of Professional Conduct.

The Goguen Defendants vigorously dispute that Quinn Emanuel Urquhart & Sullivan, LLP, or any of its attorneys, will be a "necessary witness" at trial, whose "testimony is both admissible and unavailable by other means." *In re Marriage of Perry*, 293 P.3d 170, 178 (Mont. 2013). But that is beside the point at the present stage of litigation. Filed contemporaneously with this brief is the Goguen Defendants' motion to dismiss the Complaint for failure to state a claim that is cognizable under the law. Even an attorney who may later be determined, after appropriate discovery and fact-finding, to be a "necessary witness" may participate in such pretrial activities as filing and arguing a motion to dismiss. *E.g., Timlick*, 2019 WL 4934782, at *2

Similarly, even if discovery—against all expectations and facts known to the Goguen Defendants—were to reveal an actual conflict of interest that would

preclude the representation of the Goguen Defendants by certain Quinn Emanuel attorneys, that situation could and would be appropriately addressed at that time. But at this stage, Plaintiffs have only generally averred that Quinn Emanuel has provided legal representation to Mr. Goguen or other Goguen Defendants, which does not create a conflict of interest. Rather, it demonstrates that the Goguen Defendants value the loyalty, knowledge, attorney-client relationship, and rapport they have come to expect from Quinn Emanuel's attorneys. *See Cole v. U.S. Dist. Ct. for Dist. of Idaho*, 366 F.3d 813, 820 (9th Cir. 2004).

As demonstrated by their declarations, which are attached to the *pro hac vice* motion as required under Local Rule 83.1(d)(3), Ms. Doolittle, Mr. Van Dalsem, and Mr. DiClemente are duly licensed, qualified, and practicing attorneys at law who are admitted, in good standing, and eligible to practice law in various jurisdictions, including other federal courts. They have certified their intent to be bound by the Montana Rules of Professional Conduct, and the Goguen Defendants have retained them to represent their interests in this matter, along with the undersigned counsel.

Rules of professional conduct and responsibility should not be used for gamesmanship or attempts to obtain tactical advantage. *Schuff v. A.T. Klemens & Son*, 303 Mont. 274, 295 (2000) ("We again emphasize that the Montana Rules of Professional Conduct are not to be ignored for economic gain nor are they to be

used—or rather abused—by opposing parties as procedural weapons to gain a tactical or strategic advantage in litigation."). Indeed, the American Bar Association has warned that the "purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons." *See Carlson v. Morton*, 229 Mont. 234, 238 (1987) (quoting ABA Model Rules of Professional Conduct, Preamble). Plaintiffs' opposition to a standard motion for admission *pro hac vice*—especially at this early motion to dismiss stage—suggests an impermissible effort to seek strategic advantage by denying the Goguen Defendants the counsel of their choice. The Goguen Defendants respectfully request that this Court deny that effort.

For the foregoing reasons, as well as those set forth in the declarations accompanying the motion, the Goguen Defendants' motion to admit Ms. Doolittle, Mr. Van Dalsem, and Mr. DiClemente *pro hac vice* should be granted.

> WORDEN THANE P.C.
> *Attorneys for Attorneys for Defendants Michael L. Goguen; the Trustee of the Michael L. Goguen Trust; Whitefish Frontiers, LLC; Valley Oak, LLC; Casey's Management, LLC; Two Bear Security, LLC; Two Bear Air 1, LLC; Crystal Slopeside, LLC; and Two Bear Air Rescue Foundation*
>
> */s/ Jori Quinlan*

## CERTIFICATE OF SERVICE

      I certify that on the 30th day of June 2021, I served a copy of the preceding document via CM/ECF on:

Adam H. Owens, Esq.
Gregory G. Costanza, Esq.
GRANITE PEAK LAW, PLLC
201 W. Madison Ave., Ste. 450
Belgrade, MT 59714
(406) 586-0576
adam@granitepeaklaw.com
gregory@granitepeaklaw.com

      *Attorneys for Plaintiff*

                                            */s/ Shaelynn Neel*

## CERTIFICATE OF COMPLIANCE

In accordance with U.S. District Court Local Rule 7.1(d)(2), the undersigned certifies that the word count of the above brief, as counted by the undersigned's word processing software and excluding the caption, signatures, and certificate of compliance, is 1,321.

                                            WORDEN THANE P.C.


                                            */s/ Jori Quinlan*
                                            Jori Quinlan