Bruce A. Fredrickson
Angela M. LeDuc
Rocky Mountain Law Partners, P.C.
1830 3rd Avenue East, Suite 301
P. O. Box 1758
Kalispell, MT 59903-1758
Telephone:(406) 314-6011
Facsimile: (406) 314-6012
E-mail:    bruce@rmtlawp.com
           angie@rmtlawp.com

*Attorneys for Defendant Shane Erickson.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MATTHEW MARSHALL, JOHN MAGUIRE, KEEGAN BONNET, AND ANTHONY AGUILAR,<br><br>　　Plaintiffs,<br><br>　　vs.<br><br>MICHAEL L GOGUEN, THE TRUSTEE OF THE MICHAEL L GOGUEN TRUST, WHITEFISH FRONTIERS, L.L.C., VALLEY OAK, LLC, PROOF RESEARCH, INC., CASEY'S MANAGEMENT, LLC, TWO BEAR SECURITY, LLC, TWO BEAR AIR 1, LLC, CRYSTAL SLOPESIDE, LLC, TWO BEAR AIR RESCUE FOUNDATION, KAREN VALLADAO, FRANK, RIMERMAN + CO. LLP, SHANE ERICKSON, and DOES 1 through 100,<br>　　Defendants. | 9:21-CV-00019-DWM<br><br>**BRIEF IN SUPPORT OF DEFENDANT SHANE ERICKSON'S MOTION TO DISMISS**<br>**Fed. R. Civ. P., 12(b)(6)** |

COMES NOW, Defendant Shane Erickson ["Erickson"] with his Brief in Support of Motion to Dismiss - Fed. R. Civ. P., 12(b)(6), and states as follows:

## THE LAW OF CIVIL RICO

Several of Erickson's co-defendants, including Michael L. Goguen, also filed a 12(b)(6) Motion and Brief through their counsel, Worden Thane P.C., and Quinn Emanuel Urquhart & Sullivan, LLP (Doc. 24 – Motion; Doc. 26 – Brief) ("Entity Defendants' Brief") contemporaneously with Erickson's Motion. Plaintiffs' Complaint (Doc. 1) ("Compl.") fails against Erickson for virtually all of the same reasons identified in the Entity Defendants' Brief. Cognizant of this Court's Order for Defendants to avoid redundant briefing, Erickson will not reiterate the applicable law and its application, as set forth in the Entity Defendants' Brief. Rather, those arguments will be expanded here where appropriate, as they pertain to Erickson. Arguments unique to Erickson are also made in this Brief.

## PLEADED AND UNPLEADED FACTS UNIQUE TO ERICKSON

Erickson is unique in this action – with the exception of Karen Valladao, he is the only individual alleged to have been a part of the "RICO enterprise" asserted by Plaintiffs.[1] He is also unique since, based on Plaintiffs' allegations, he is clearly

---

[1] Michael Goguen is also a named defendant and purportedly part of the "enterprise." That contention, however, makes little sense since the primary "common purpose" Plaintiffs attribute to the enterprise is to profit from Michael

the defendant farthest removed from the purported RICO enterprise. The only "predicate act" asserted against him is his alleged failure to investigate sexual misconduct allegations asserted against Michael Goguen by Pam Doe. Interestingly, Pam Doe is also alleged to be part of the enterprise, although not named as a defendant. Compl., ¶ 377. She is also alleged to have recanted her purported claims against Michael Goguen. Compl., ¶ 375.

While Erickson denies many of the facts pleaded in Plaintiffs' Complaint, he will accept them as true solely for purposes of this Motion. The facts pleaded are wholly insufficient to support Plaintiffs' RICO Complaint against him.

Erickson was a detective with the Whitefish Police Department. Compl., ¶ 40. In a nutshell, Plaintiffs claim that Erickson purportedly accepted a bribe from Michael Goguen (a hunting trip – Compl., ¶ 367; ¶ 371) as consideration for not continuing an investigation into improper sexual misconduct allegations by Pam Doe asserted against Mr. Goguen. Compl., ¶ 41; ¶ 372; ¶ 378 & 379.A. That is the only predicate act attributed to Erickson. That is not sufficient. Plaintiffs' accordingly have not stated a viable RICO claim against Erickson upon which relief could be granted.

---

Goguen or his businesses. That "purpose" would necessarily remove Mr. Goguen as a member of the purported enterprise or association-in-fact. *See* Doc. 26, p. 27.

Other than providing lip service to RICO's requirement of an "association in fact," Plaintiffs failed to plead that Erickson knew the specific purpose of the association; failed to plead that Erickson knew who the alleged participants were; failed to plead that a relationship existed between Erickson and those other participants purportedly associated with the enterprise; and failed to plead longevity sufficient to permit the associates to pursue the enterprise's purpose. Plaintiffs simply plead that Erickson was a member and participated – nothing more. Compl., ¶ 229.i. That bare allegation is not sufficient to state a civil RICO claim against him upon which relief could be granted.

Plaintiffs also fail to plead causation at any level associated with Erickson. How Erickson's alleged failure to investigate purported sexual misconduct by Michael Goguen against Pam Doe was either a "but for" or "proximate cause" of Plaintiffs' alleged damages stemming from Amyntor's losses is more than puzzling. There is simply no causal link between Erickson's alleged actions and Plaintiffs' alleged damages. Neither do Plaintiffs plead a causal link between them.

## ARGUMENT

In order to assert a viable civil action under the federal RICO statues, plaintiffs must plead and prove "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity[]' that damaged the plaintiff's business or

property." *Rezner v. Bayerische Hypo-Und Vereinsbank AG*, 630 F.3d 866, 873 (9th Cir. 2010); *McCaul v. First Montana Bank, Inc.*, 2018 WL 6717098, at *3 (D. Mont. Oct. 29, 2018); 18 U.S.C. §1962(c). Plaintiffs must plead and prove each element separately with respect to each defendant. *Committee to Protect Our Agricultural Water v. Occidental Oil and Gas Corporation*, 235 F. Supp. 3d 1132, 1172 (E.D. Cal. 2017) ("The touchstone of Section 1962(c) is that each individual defendant must be shown to have personally participated in a pattern of racketeering activity.") (alterations and citation omitted); *McCaul*, 2018 WL 6717098, at *3 (stating that "factual allegations must plausibly support each element" and "must establish that each defendant personally conducted, or participated in the conduct of the enterprise"). Further, a single "predicate act" is insufficient to support a RICO claim. *E.g., United States. v. Fernandez*, 388 F.3d 1199, 1221 (9th Cir. 2004) (RICO "requires at least two predicate acts"). Plaintiffs meet none of the RICO pleading requirements as to Erickson and their claims against him must be dismissed.

### 1. Erickson's Alleged Illegal Conduct.

Plaintiffs allege that Erickson purportedly accepted a bribe from Michael Goguen in exchange for Erickson's agreement not to pursue allegations of alleged sexual misconduct against Pam Doe. Compl., ¶ 367; ¶ 371. That is the only predicate act pleaded as to Erickson and is accordingly insufficient to support

Plaintiffs' asserted RICO claims.  *Fernandez, supra*.  Further, Plaintiffs fail completely to plead any plausible causal connection between the asserted illegal conduct and Plaintiffs' damages flowing from their business relationship with Amyntor.  There is simply no allegation stated in Plaintiffs' Complaint alleging a direct causal connection, "but for," "proximate," or otherwise, between Erickson's alleged illegal conduct (i.e., bribery) and Plaintiffs' asserted damages (i.e., the loss of revenue and salary from the failure of their startup company, Amyntor).  *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268 (1992).

### 2. *Erickson's Connection to the "Enterprise."*

Plaintiffs plead nothing to connect Erickson to the purported "Goguen Sexual Enterprise."  Rather, they plead that the enterprise existed as an "association-in-fact."  Compl., ¶ 229.  The only conceivable connection Plaintiffs assert is Erickson's relationship with Michael Goguen.  Compl., ¶¶ 336 - 337; ¶¶ 370 - 371.  Nowhere do Plaintiffs contend that Erickson even knew about the other purported members of the "enterprise."  Neither do they assert that Erickson, along with the other purported members of the "enterprise" acted with a common purpose or a unified agenda.  *United States v. Turkette*, 452 U.S. 576, 583, (1981); *McCaul*, 2018 WL 6717098, at *4.  They do not plead that Erickson functioned with any other members of the purported association as a continuing unit.  *McCaul,* 2018 WL 6717098, at *8.  The most Plaintiffs assert is that Erickson was in a

group that "participated in the Goguen Sexual Enterprise directly or indirectly." Doc. 1, ¶ 229.i.  At best, Plaintiffs' allegations merely demonstrate that a group of entities and individuals acted in "a series of disconnected incidents, each involving only a subset of the overall group of defendants, with no clear indication of a unified agenda."  That is not enough to survive a Rule 12(b)(6) motion to dismiss. *Committee to Protect Our Agricultural Water v. Occidental Oil and Gas Corporation*, 235 F. Supp. 3d 1132, 1174 (E.D. Cal. 2017).

### 3. *No Adequate Pleading Demonstrating that Erickson Engaged in a Pattern of Racketeering Activity.*

Plaintiffs allege only one predicate act attributable to Erickson – the purported acceptance of a hunting trip as a bribe for not pursuing an investigation into alleged sexual misconduct against Pam Doe.  Compl., ¶ 378.  Plaintiffs fail to plead how that singular act fits within a "pattern" of racketeering activity.  The alleged predicate act attributable to Erickson can be added to the "mass assemblage of predicates" articulated by the Entity Defendants.  Doc. 26, pp. 31-34.  When that is done, the assemblage of predicates becomes even more tenuous, disconnected and unrelated.  Simply pleading that each predicate relates to the "Goguen Sexual Enterprise" without more, does not and cannot establish a "pattern" of racketeering activity.  At best, the single predicate act Plaintiffs attempt to pin to Erickson is no more than a sporadic event unrelated to any alleged "pattern."  Under no objective

and reasonable reading of the allegations asserted by Plaintiffs do those allegations state a viable RICO action against him or any of the other named defendants. The action stated in Plaintiffs' Complaint should be dismissed in its entirety and with prejudice.

### 4. Plaintiffs' Conspiracy Claims Fail.

Plaintiffs' civil conspiracy claims pleaded in their Claim 2 fail at the outset against Erickson and all other defendants since Plaintiffs' underlying RICO claims fail. *De Los Angeles Gomez v. Bank of America, N.A.*, 642 Fed.Appx. 670, 676 (9th Cir. 2016).

Further, Plaintiffs fail to plead sufficient facts against Erickson to show that he had any knowledge of the scheme and scope of the Goguen Sexual Enterprise or that he agreed to participate in it. That failure is fatal to Plaintiffs' claims both as they relate to the underlying RICO claims and to the conspiracy count. *De Los Angeles*, 642 Fed.Appx. at 676. The only pleading alleging Erickson's knowledge of anything is generally stated in their Complaint at ¶ 560. That general statement is not sufficient to suggest Erickson was "aware of the essential nature and scope of the enterprise and intended to participate in it." *De Los Angeles*, 642 Fed.Appx. at 676 (quoting *Baumer v. Pachl,* 8 F.3d 1341, 1346 (9th Cir.1993) (internal quotation marks and citation omitted)). Plaintiffs' claims fail.

## CONCLUSION

The allegations pleaded against Erickson in Plaintiffs' Complaint are wholly insufficient to state a claim against him upon which relief could be granted and accordingly the action stated in Plaintiffs' Complaint should be dismissed in its entirety and with prejudice, never to be brought again.

## CERTIFICATE OF COMPLIANCE
## L.R. 7.1(d)(2)(E)

Pursuant to L.R. 7.1(d)(2)(E), the undersigned certifies that the body of this Brief contains 1625 words calculated by Microsoft Word's word count.

DATED this 30th day of June, 2021.

ROCKY MOUNTAIN LAW PARTNERS, P.C.


/S/ *Bruce A. Fredrickson*
Attorneys for Defendant, Shane Erickson

## CERTIFICATE OF SERVICE

I certify that on the 30th day of June 2021, I served a copy of the preceding document by CM/ECF, Email or First Class Mail as indicated on the following:

| | |
|---|---|
| Adam H. Owens, Esq.<br>Gregory G. Costanza, Esq.<br>GRANITE PEAK LAW, PLLC<br>201 W. Madison Ave., Ste. 450<br>Belgrade, MT 59714<br>*Attorneys for Plaintiffs*<br>**By CM/ECF** | Sean M. Morris<br>Jori Quinlan<br>WORDEN THANE P.C.<br>321 W. Broadway St., Ste. 300<br>Missoula, MT 59802<br>*Attorneys for Entity Defendants*<br>**By CM/ECF** |
| Bruce Van Dalsem<br>Diane Doolittle<br>Adam DiClemente<br>QUINN EMANUEL URQUHART &<br>  SULLIVAN, LLP<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>*Attorneys for Entity Defendants*<br>**By Email and First Class Mail** | Davis Hatley Haffeman & Tighe<br>P.O. Box 2103<br>101 River Drive North<br>The Milwaukee Station, Third Floor<br>Great Falls, MT 59401-2103<br>*Attorneys for Karen Valladao and<br>  Frank, Rimerman + Co. LLP*<br>**By CM/ECF** |
| James N. Kramer<br>Orrick, Herrington & Sutcliffe LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco CA 94105-2669<br>*Attorneys for Karen Valadao and<br>  Frank, Rimerman + Co. LLP*<br>**By Email and First Class Mail** | |

/S/  Bruce A. Fredrickson