Bruce A. Fredrickson
Angela M. LeDuc
Rocky Mountain Law Partners, P.C.
1830 3rd Avenue East, Suite 301
P. O. Box 1758
Kalispell, MT 59903-1758
Telephone:(406) 314-6011
Facsimile: (406) 314-6012
E-mail:    bruce@rmtlawp.com
           angie@rmtlawp.com
*Attorneys for Proof Research, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MATTHEW MARSHALL, JOHN MAGUIRE, KEEGAN BONNET, AND ANTHONY AGUILAR,<br><br>Plaintiffs,<br><br>vs.<br><br>MICHAEL L GOGUEN, THE TRUSTEE OF THE MICHAEL L GOGUEN TRUST, WHITEFISH FRONTIERS, L.L.C., VALLEY OAK, LLC, PROOF RESEARCH, INC., CASEY'S MANAGEMENT, LLC, TWO BEAR SECURITY, LLC, TWO BEAR AIR 1, LLC, CRYSTAL SLOPESIDE, LLC, TWO BEAR AIR RESCUE FOUNDATION, KAREN VALLADAO, FRANK, RIMERMAN + CO. LLP, SHANE ERICKSON, and DOES 1 through 100,<br><br>Defendants. | 9:21-CV-00019-DWM<br><br><br>**BRIEF IN SUPPORT OF DEFENDANT PROOF RESEARCH, INC.'S MOTION TO DISMISS**<br>**(Fed. R. Civ. P., 12(b)(6))** |

\\LAWSERVER\Company\Client_Files\P\Proof Research, Inc., Marshall v\Pleadings\Drafts\Proof - Brief 12b6 Mot.Dismiss - Final.docx

COMES NOW Defendant Proof Research, Inc. ("Proof") with its Brief in support of its Fed. R. Civ. P., 12(b)(6) Motion to Dismiss and states as follows:

## PRELIMINARY STATEMENT

Plaintiffs' Complaint (Doc. 1) ("Compl.") asserts a single alleged action--the removal of Plaintiff Matthew Marshall from his position as a Member of Proof's Board of Directors—as the sole basis for its RICO claim against Proof. A single act (particularly one that is taken in regular course of business practice) cannot give rise to liability under RICO, and Plaintiffs' Complaint against Proof fails as a matter of law.

Several of Proof's co-defendants, including Michael L. Goguen, also filed a 12(b)(6) Motion and Brief through their counsel, Worden Thane P.C., and Quinn Emanuel Urquhart & Sullivan, LLP, contemporaneously with Proof's Motion. ("Entity Defendants' Brief"). Plaintiffs' Complaint fails against Proof for virtually all of the same reasons identified in the Entity Defendants' Brief. Cognizant of this Court's Order for Defendants to avoid redundant briefing, Proof will not reiterate the applicable law, and its application, as set forth in the Entity Defendants' Brief. Rather, those arguments will be expanded here, where appropriate, as they pertain to Proof.

Proof's Brief in Support of
Rule 12(b)(6) Motion to Dismiss
Page 2

# RELEVANT BACKGROUND

The Complaint does not include material allegations against Proof. Although the company's name appears in several paragraphs, only Paragraph 508 asserts any facts that could potentially bear on RICO liability. The Complaint notes Proof's corporate status (Compl., ¶ 28), alleges that Marshall was a board member (Compl., ¶ 106(j)), alleges that Marshall improved Proof's business operations (Compl., ¶ 107), and makes assorted claims about Marshall's purported "equity interest" in Proof (Compl., ¶¶ 198-207). None of those paragraphs assert, or purport to assert, a "predicate act" under RICO and, indeed, none of those paragraphs appear in the section of the Complaint addressing predicate acts (Compl., ¶¶ 245-508). The only allegation that Proof engaged in any underlying criminal conduct for RICO purposes is the conclusory assertion that Proof committed "interstate and foreign travel or transportation in aid of racketeering enterprises" (violating 18 U.S.C. § 1952) "retaliating against Marshall" by removing him from Proof's Board. The Complaint does not specify how the statute was allegedly violated or what type of conduct (that is, interstate travel, use of the mails, or a facility of commerce) is at issue.

Proof's Brief in Support of
Rule 12(b)(6) Motion to Dismiss
Page 3

# ARGUMENT

## 1.    *Pattern of Racketeering Activity – Two Predicate Acts*

To establish a RICO violation under 18 U.S.C. § 1962(c), a plaintiff must allege (and ultimately prove) the defendant engaged in a "pattern of racketeering activity," which, "in turn, requires *at least two* predicate acts." *United States. v. Fernandez*, 388 F.3d 1199, 1221 (9th Cir. 2004) (emphasis added).  Here, Plaintiffs allege only one predicate act against Proof.  Compl., ¶ 508 (asserting violation of 18 U.S.C. §1952).  Accordingly, Plaintiffs cannot establish RICO liability against Proof as a matter of law and the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

## 2.    *Plaintiffs fail to meet Rule 9(b)'s heightened pleading standard for the mail fraud allegation against Proof*

Even if Plaintiffs could proceed on a single predicate act against Proof (they cannot as a matter of law), the Complaint is further deficient because Plaintiffs do not support that predicate act with sufficient allegations to meet the pleading standards of Fed. R. Civ. P., Rule 9(b).

> Plaintiffs [must] plead with detail "the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme."  In the context of civil RICO where the predicate acts are based on mail and wire fraud, the policies underlying Rule 9(b) are "especially important in RICO cases because of the harm to a person's reputation that allegations of 'racketeering' may do."  The allegations of fraud must include the time, place, and specific content of the false representation.

Proof's Brief in Support of
Rule 12(b)(6) Motion to Dismiss
Page 4

> Courts have also phrased the heightened pleading
> standard as requiring "the who, what, when, where, and
> how of the misconduct charged."

*In Re Jamster Litigation*, 2009 WL 1456632 at *4 (S.D. Cal. May 22, 2009)

(citations omitted). Here, Plaintiffs' predicate act allegations against Proof are

"based on mail and wire fraud," requiring them to satisfy Rule 9(b)'s pleading

requirements. They fail to do so.

Plaintiffs' Complaint fails to explain how Marshall's removal from Proof

involved the use of "the mail or any facility in interstate or foreign commerce"

with the intent to promote, carry on, or facilitate the promotion or carrying on of

the "Enterprise." Compl., ¶508. The sparse allegations in the complaint provide

no way for Proof to determine how or why it is potentially subject to liability under

18 U.S.C. § 1952 and offer inadequate notice to permit preparation of a meaningful

defense. Absent any allegation of where or how the "mail or any facility in

interstate or foreign commerce" was allegedly used by Proof to remove Marshall

from the company, and how such an act could, by any stretch of the imagination,

constitute an unlawful act as defined in 18 U.S.C. §1952, one is left to wildly

speculate how this could conceivably fit within this multi-pronged statute. The

federal courts are not the forum for wild speculation, especially at the expense of

Proof's reputation, costs, and time. Rule 9(b) serves to protect these principles,

and, here, Proof respectfully submits that it compels dismissal.

Proof's Brief in Support of
Rule 12(b)(6) Motion to Dismiss
Page 5

### 3. *Common Purpose - Association in Fact*

Plaintiffs additionally fail to satisfy the "common purpose" element for an "association-in-fact" as it relates to Proof. Again, the sole allegation against Proof is that Proof allegedly removed Marshall from its Board of Directors, somehow, in a fraudulent manner. Compl., ¶ 508. But the removal of a director from a company's board of directors is not racketeering activity; rather, it is an "ordinary business practice" of the type courts deem insufficient for RICO liability. Magistrate Judge Lynch explained in *McCaul v. First Montana Bank, Inc.*, 2018 WL 6717098 (D. Mont. Oct. 29, 2018):

> Also, "[t]o show a common purpose, plaintiffs must allege that the group engaged in enterprise conduct distinct from their own affairs." The "common purpose" element is not satisfied by facts demonstrating the individual participants conducted only their own ordinary business affairs and purposes.

*McCaul,* 2018 WL 6717098, at *4 (citations omitted).

Board members come and go. Removal of a director is a clear example of an entity "conducting its own affairs" not of one engaged in criminal acts in furtherance of a "Sexual Enterprise." Regardless of whether Marshall's removal from Proof was at the direction of Mr. Goguen (a Proof shareholder), as plaintiffs claim, that removal was nevertheless an action taken in the course of Proof's ordinary business affairs, not as some act in the Enterprise's affairs.

Proof's Brief in Support of
Rule 12(b)(6) Motion to Dismiss
Page 6

### 4.    *Lack of Causation.*

Causation, especially as it relates to the single alleged "predicate act" plaintiffs attribute to Proof, is non-existent.  *See, e.g., Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 2 (2010) (holding that predicate acts must be both the "but for" and "proximate" cause of the injury… "a link that is "too remote," "purely contingent," or "indirec[t]" is insufficient").  As pled, Plaintiffs Complaint confirms the following:

- Proof, a gun-manufacturing company, and Amyntor, a private security firm, are separate companies engaged in distinct and unrelated operations;

- The alleged "predicate act" is that Proof removed Marshall from its Board in violation of 18 U.S.C. §1952;

- The alleged harm is Amyntor's inability to secure government contracts and its eventual dissolution interfered with its (and accordingly, Plaintiffs') ability to make more money.

Any attempt to connect Proof's predicate act to the injury Plaintiffs allege would require a litany of tenuous steps, and the "direct relation" rule expressly prohibits such an exercise.  *See*, *Hemi Grp., LLC*, 559 U.S. at 15.

As pled, the connection between Marshall and Proof establishes only that he is a disgruntled ex-Board member.  Plaintiffs neither pleaded nor could they plead

Proof's Brief in Support of
Rule 12(b)(6) Motion to Dismiss
Page 7

any plausible causal connection between Marshall's removal from Proof and Plaintiffs' asserted damage.

## CONCLUSION

The allegations pleaded against Proof in Plaintiffs' Complaint are wholly insufficient to state a claim against it upon which relief could be granted and accordingly the action stated in Plaintiffs' Complaint should be dismissed in its entirety and with prejudice, never to be brought again.

### CERTIFICATE OF COMPLIANCE
### L.R. 7.1(d)(2)(E)

Pursuant to L.R. 7.1(d)(2)(E), the undersigned certifies that the body of this Brief contains 1357 words calculated by Microsoft Word's word count.

DATED this 30th day of June, 2021.


ROCKY MOUNTAIN LAW PARTNERS, P.C.


/S/ *Bruce A. Fredrickson*
Attorneys for Proof Research, Inc.

Proof's Brief in Support of
Rule 12(b)(6) Motion to Dismiss
Page 8

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on the 30th day of June 2021, I served a copy of the preceding

document by CM/ECF, Email or First Class Mail as indicated on the following:

| | |
|---|---|
| Adam H. Owens, Esq.<br>Gregory G. Costanza, Esq.<br>GRANITE PEAK LAW, PLLC<br>201 W. Madison Ave., Ste. 450<br>Belgrade, MT 59714<br>*Attorneys for Plaintiffs*<br>**By CM/ECF** | Sean M. Morris<br>Jori Quinlan<br>WORDEN THANE P.C.<br>321 W. Broadway St., Ste. 300<br>Missoula, MT 59802<br>*Attorneys for Entity Defendants*<br>**By CM/ECF** |
| Bruce Van Dalsem<br>Diane Doolittle<br>Adam DiClemente<br>QUINN EMANUEL URQUHART &<br>  SULLIVAN, LLP<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>*Attorneys for Entity Defendants*<br>**By Email and First Class Mail** | Davis Hatley Haffeman & Tighe<br>P.O. Box 2103<br>101 River Drive North<br>The Milwaukee Station, Third Floor<br>Great Falls, MT 59401-2103<br>*Attorneys for Karen Valladao and<br>Frank, Rimerman + Co. LLP*<br>**By CM/ECF** |
| James N. Kramer<br>Orrick, Herrington & Sutcliffe LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco CA 94105-2669<br>*Attorneys for Karen Valadao and<br>  Frank, Rimerman & Co. LLP*<br>**By Email and First Class Mail** | |

/S/ Bruce A. Fredrickson

Proof's Brief in Support of
Rule 12(b)(6) Motion to Dismiss
Page 9