IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MATTHEW MARSHALL, et al., Plaintiffs, vs. MICHAEL L. GOGUEN, et al., Defendants. | CV 21–19–M–DWM ORDER |

On February 12, 2021, Plaintiffs filed this civil action under the Racketeer Influenced and Corrupt Organizations Act ("RICO") against various entities and individuals associated with Michael Goguen, Goguen's alleged "sexual scheme," and the operation and dissolution of a private security contracting company, Amyntor Group, LLC. (Doc. 1.) The defendants were not served until May 2021, (*see* Doc. 4), and received an extension of time to answer, (*see* Doc. 10). Instead of answering, however, motions to dismiss were filed on behalf of all the defendants. (*See* Docs. 24, 30, 31, 32, 34.) In lieu of responding, Plaintiffs seek to amend their complaint to add two individual defendants and six causes of action, as well as to dismiss six organizational defendants. (Doc. 43.) The defendants do not oppose the motion, (*see id.* at 3), but seek an extended briefing schedule, (*see* Doc. 44).

1

While Plaintiffs' request to amend is granted, *see* Fed. R. Civ. P. 15(a)(2), the proposed complaint does not comply with Rule 8's requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To the contrary, the document encompasses 265 pages and is replete with repetitive allegations. For example, many of the background facts are restated in the causes of action section and, likewise, a number of the RICO allegations are outlined in the backgrounds section. The putative pleading also contains factual statements that have no apparent relationship to the underlying claims. (*See, e.g.*, Doc. 43-1 at ¶ 76 ("Goguen often euphemistically referred to the women who participated in the Goguen Sexual Scheme as 'strippers' when Goguen was having sex with the "strippers" he met in Las Vegas or elsewhere.").) Recognizing that Plaintiffs must provide more than "a formulaic recitation of the elements" or "naked assertions" of fact, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and alteration omitted), repetition does not make Plaintiffs' allegations any more plausible. Plaintiffs should therefore review their proposed pleading to bring it into compliance with Rule 8. *See* Fed. R. Civ. P. 12(f) (permitting the Court to strike "any redundant, immaterial, impertinent, or scandalous matter").

IT IS ORDERED that Plaintiffs' request for leave to file an amended complaint (Doc. 43) is GRANTED. *See* Fed. R. Civ. P. 15(a)(2). Plaintiffs shall

file their amended complaint—considering the concerns outlined above—on or before September 1, 2021. Further amendment will not be permitted unless good cause is shown even if a scheduling order has not yet been issued. *See* Fed. R. Civ. P. 16(b)(4).

IT IS FURTHER ORDERED that the pending motions to dismiss (Docs. 24, 30, 32, 34) are DENIED as MOOT.

IT IS FURTHER ORDERED that the following schedule shall govern Defendants' responsive pleadings:

| | |
|---|---|
| Answers and/or Motions to Dismiss | November 30, 2021 |
| Responses | January 29, 2022 |
| Replies | March 15, 2022 |

DATED this 25th day of August, 2021.

/s/ Donald W. Molloy
Donald W. Molloy, District Judge
United States District Court