Bruce A. Fredrickson
Angela M. LeDuc
Rocky Mountain Law Partners, P.C.
1830 3rd Avenue East, Suite 301
P. O. Box 1758
Kalispell, MT 59903-1758
Telephone:(406) 314-6011
Facsimile: (406) 314-6012
E-mail:   bruce@rmtlawp.com
          angie@rmtlawp.com
*Attorneys for Defendant Shane Erickson.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MATTHEW MARSHALL; JOHN MAGUIRE; KEEGAN BONNET; and ANTHONY AGUILAR, Individuals; and MATTHEW MARSHALL Derivatively on Behalf of AMYNTOR GROUP, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> MICHAEL L. GOGUEN, an individual; The Trustee of the MICHAEL L. GOGUEN TRUST, a California Trust; WHITEFISH FRONTIERS, L.L.C., a Delaware limited liability company; PROOF RESEARCH, INC., a Delaware corporation; KAREN VALLADAO, an individual; FRANK, RIMERMAN + CO. LLP, believed to be a California limited liability partnership; SHANE ERICKSON, an individual; SHAWN LEWIS, an individual; NIC MCKINLEY, | 9:21-CV-00019-DWM <br><br> **BRIEF IN SUPPORT OF DEFENDANT SHANE ERICKSON'S MOTION TO DISMISS Fed. R. Civ. P., 12(b)(6)** |

ERICKSON'S BRIEF IN SUPPORT OF
RULE 12(B)(6) MOTION TO DISMISS
PAGE 1

\\LAWSERVER\Company\Client_Files\E\Erickson, Shane\Marshall v. Goguen, Erickson, et al\Pleadings (see Proof for court-stamped)\113021 To File\2021-11-30 - Motion to Dismiss - Erickson Brief - 12(b)(6) Final (3).docx

an individual; RICHARD HEGGER, an individual; AMYNTOR GROUP LLC, a nominal Defendant; and DOES 1 through 100,

Defendants.

COMES NOW, Defendant Shane Erickson ["Erickson"] with his Brief in Support of Motion to Dismiss - Fed. R. Civ. P., 12(b)(6), and states as follows:

**1. PLAINTIFFS' FIRST AMENDED COMPLAINT**

Although Plaintiffs' First Amended Complaint ("FAC") is incredibly difficult to decipher and is filled with extraneous and scurrilous allegations, when boiled down to its nut, Plaintiffs' 236 page, 941 paragraph FAC, essentially complains that Amyntor was dissolved and as a result Plaintiffs lost an enormous amount of purely speculative damages.  What is clear, however, is Plaintiffs' FAC no longer implicates Erickson in any direct RICO violations.  Rather, Plaintiffs now plead only an 18 U.S.C. § 1962(d) conspiracy claim against him.  Doc. 51 ("FAC"), Claim Six, p. 207.  Plaintiffs' sole claim against Erickson fails, first because their direct RICO claims fail and second, because Plaintiffs failed to plead any facts against Erickson sufficient to show that he either intended to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense, or that he adopted the goal of furthering or facilitating the criminal endeavor.  *Salinas v. US*, 522 U.S. 52, 65, 118 S.Ct. 469, 477 (1997).

**2.   NO RICO – NO CONSPIRACY**

The only allegation now asserted by Plaintiffs' FAC against Erickson, is a claim for conspiracy to violate RICO under 18 U.S.C. § 1962(d).  Plaintiffs no longer claim that Erickson directly violated RICO.  If the underlying RICO claims against the Defendants against whom or which those claims are asserted fail, so does the conspiracy claim against Erickson and all other Defendants.  *Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000); *Pac. Recovery Sols. v. United Behavioral Health*, 2020 WL 7439310, at *7 (N.D. Cal. Dec. 18, 2020).  See Goguen Defendants Brief (Doc. 61) at Sec. F, p. 39).  On that basis alone, Plaintiffs' cause of action stated in the FAC should be dismissed with prejudice as to Erickson.

**3.   EVEN IF PLAINTIFFS' ACTION SURVIVES A RULE 12(B)(6) MOTION AS TO THOSE DEFENDANTS AGAINST WHOM OR WHICH RICO CLAIMS ARE ASSERTED, THE CONSPIRACY CLAIM AGAINST ERICKSON CANNOT SURVIVE**

It is incumbent on Plaintiffs to allege that Erickson either was a party to "an agreement that is a substantive violation of RICO or that he agreed to commit, or participated in, a violation of two predicate offenses." *Howard v. America Online, Inc.*, 208 F.3d 741, 751 (9th Cir. 2009).  They have done neither.  Nowhere, that Erickson can discern, in their 236 page, 941 paragraph FAC do Plaintiffs allege that Erickson was a party to any agreement with any of the other alleged conspirators.  The most Plaintiffs allege is the bare assertion that all Defendants

were part of a purported "association in fact" without ever specifying that any one Defendant knew or was a party to an agreement with the multitude of other Defendants. FAC - Doc. 51, ¶ 47. Plaintiffs assert without any factual basis whatsoever that "Defendants have knowledge of the other participants and some of their unlawful acts in furtherance of the Goguen Sexual Scheme." FAC - Doc. 51, ¶ 66. Plaintiffs' assertions are made formulaically by including buzz words without facts alleged to back up their assertions. Formulaic pleading is simply not sufficient to defeat a Rule 12(b)(6) motion to state a viable claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To sustain their RICO conspiracy count against Erickson, Plaintiffs must also have alleged that:

1) Erickson intended to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense;

2) That he was aware of the essential nature and scope of whatever "enterprise" Plaintiffs are asserting;

3) That the members of the alleged conspiracy agree to the same objective; and

3) That Erickson intended to participate in it.

*Salinas v. US*, 522 U.S. 52, 63 - 65, 118 S.Ct. 469, 476 - 79 (1997).

Plaintiffs' novel-length FAC accomplishes none of those pleading prerequisites with respect to Erickson or any of the other Defendants, either at the substantive RICO level or at the level of conspiracy. At bottom, Plaintiffs' essential complaint is that Amyntor dissolved and they suffered hundreds of millions of highly speculative wishful damages. There is no allegation in the FAC that Erickson either intended to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense, that he was aware of the scope or the essential nature of the "enterprise," that he agreed to the same objective, or that he agreed to participate in the endeavor. *Salinas v. US*, 522 U.S. 52, 65, 118 S.Ct. 469, 477 (1997).

Since Plaintiffs cannot tie (and have not alleged facts that would tie) Erickson to any "agreement that is a substantive violation of RICO," they pivot to asserting that he is tied to miscellaneous actions they apparently assert are "predicate acts" to their underlying RICO claims. They attribute the following actions to Erickson that are never expressly stated as (and would not constitute) predicate acts:

1. Purportedly accepted a "bribe" from Goguen and accordingly failed to follow through with an investigation of allegations asserted by "Pam Doe" against Goguen, even though Pam Doe recanted her allegations in a sworn declaration.

FAC - Doc. 51, ¶¶ 392 – 414; ¶ 408 (Plaintiffs acknowledging "Pam Doe" recanted allegations).

2. Entered a storage facility leased to Amyntor, LLC while accompanied by Goguen. While the Amyntor Operating Agreement lists Amyntas Ventures, LLC as the "Non-Managing Member," Amyntas had not yet been formed. As Plaintiffs acknowledge, however, at the time Amyntor was formed Amyntas was simply Goguen doing business as Amyntas. FAC - Doc. 51, ¶ 624. Nothing in the Amyntor Operating Agreement precludes access to Amyntor facilities, information or assets by either of its members.

Plaintiffs fail to plead causation at any level associated with Erickson. How Erickson's alleged failure to investigate purported misconduct against Pam Doe, allegations that were recanted, constitutes a "predicate act" to the dissolution of Amyntor is more than puzzling.

Likewise, allegedly entering an Amyntor storage facility with an Amyntor member cannot be a "predicate act" to anything. Nothing in the Amyntor Operating Agreement preludes access to Amyntor facilities or information by any member—that is, an owner—of Amyntor.

Finally, any causal link that could conceivably exist between these alleged "predicate acts" and Amyntor's dissolution would require taking more steps than exist from bottom to top of the Empire State Building. As described in the Goguen

ERICKSON'S BRIEF IN SUPPORT OF
RULE 12(B)(6) MOTION TO DISMISS
PAGE 6

Defendants' brief, this fails the "direct relation" requirement and cannot create liability against Erickson, or any other Defendant.

### 4. PLAINTIFFS FAC FAILS TO COMPLY WITH THE SHORT AND PLAIN STATEMENT REQUIREMENT OF FED. R. CIV. PROC. RULE 8.

Erickson will not reiterate the arguments made by the other Defendants related to Rule 8, except to say that he agrees wholeheartedly with those arguments. Plaintiffs' FAC lends new meaning to the words "short and plain." It is anything but. The FAC is the equivalent to a 10,000-piece jigsaw puzzle of a polar bear in a snow storm and leaves to the reader the inimitable task of trying to derive some meaning where none exists. Plaintiffs apparently hope that the 236 page, 941 paragraph FAC is enough for the Court to throw up its hands and conclude that, somewhere within its four corners, there must be enough to, somehow, state a claim upon which relief could be granted. There isn't. Plaintiffs' action should be dismissed.

### CONCLUSION

Erickson's Rule 12(b)(6) Motion should be granted and the action stated against Erickson in Plaintiffs' FAC should be dismissed in its entirety and with prejudice, never to be brought again.

<u>**CERTIFICATE OF COMPLIANCE**</u>
<u>**L.R. 7.1(d)(2)(E)**</u>

Pursuant to L.R. 7.1(d)(2)(E), the undersigned certifies that the body of this Brief contains 1264 words calculated by Microsoft Word's word count.

DATED this 30th day of November, 2021.

        ROCKY MOUNTAIN LAW PARTNERS, P.C.


        /S/ *Bruce A. Fredrickson*
        Attorneys for Defendant, Shane Erickson