Bruce A. Fredrickson
Angela M. LeDuc
Rocky Mountain Law Partners, P.C.
1830 3rd Avenue East, Suite 301
P. O. Box 1758
Kalispell, MT 59903-1758
Telephone:(406) 314-6011
Facsimile: (406) 314-6012
E-mail:   bruce@rmtlawp.com
          angie@rmtlawp.com
*Attorneys for Shane Erickson.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MATTHEW MARSHALL; JOHN MAGUIRE; KEEGAN BONNET; and ANTHONY AGUILAR, Individuals; and MATTHEW MARSHALL Derivatively on Behalf of AMYNTOR GROUP, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>MICHAEL L. GOGUEN, an individual; The Trustee of the MICHAEL L. GOGUEN TRUST, a California Trust; WHITEFISH FRONTIERS, L.L.C., a Delaware limited liability company; PROOF RESEARCH, INC., a Delaware corporation; KAREN VALLADAO, an individual; FRANK, RIMERMAN + CO. LLP, believed to be a California limited liability partnership; SHANE ERICKSON, an individual; SHAWN LEWIS, an individual; NIC | 9:21-CV-00019-DWM<br><br><br><br>**DEFENDANT, SHANE ERICKSON'S REPLY BRIEF IN FURTHER SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS** |

McKinley, an individual; Richard Hegger, an individual; Amyntor Group LLC, a nominal Defendant; and Does 1 through 100,

Defendants.

COMES NOW Defendant, Shane Erickson, with his Reply Brief in Further Support of Rule 12(b)(6) Motion to Dismiss and states as follows:

## Introduction

Plaintiffs' Response to Erickson's Motion to Dismiss is replete with verbiage, but wholly lacking in substance. Plaintiffs spend an inordinate amount of ink and energy responding to the Goguen and Rimerman Defendants' Briefs (Doc. Nos. 61 & 69) rather than responding to Erickson. That's understandable at some level - Plaintiffs' inability to defeat those motions also defeats their conspiracy claim against Erickson. No RICO - no conspiracy. *Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000). The Goguen and Rimerman Defendants' motions and arguments articulated in their respective briefs are well taken and Erickson will not waste the Court's time reiterating the arguments made by those Defendants.

Likewise, Plaintiffs' Rule 8 arguments are no more than a rehash of arguments repeatedly made. Plaintiffs' definition of a "short and plain" statement translates better as "lengthy and convoluted," and the arguments regarding Rule 8

have been adequately briefed by all Defendants and won't be rehashed here. Suffice it to say, Plaintiffs' FAC is anything but a "short and plain statement," and should be dismissed with prejudice on those grounds alone. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996); *Thompson v. City of Bozeman*, 2021 WL 1341823 at *4 (D. Mont. Feb. 19, 2021), *R&R adopted*, 2021 WL 960698 (D. Mont. Mar. 15, 2021).

## ARGUMENT

Plaintiffs argue only that Erickson must have been a co-conspirator since he committed two alleged "predicate acts." Predicate act number one purportedly exists since Erickson accepted gifts from Goguen and did not adequately investigate Pam Doe's recanted and thus nonexistent complaint against Goguen. FAC ¶¶ 392 – 414; ¶ 408. Plaintiffs never allege how that qualifies as a felonious predicate act under 18 U.S.C. § 1961(1), and neither do they plead the elements of the unarticulated felonious act as if it were a stand-alone claim. *Nutrition Distribution, LLC v. Custom Nutraceuticals, LLC*, 194 F.Supp.3d 952, 958 (D. Ariz. 2016) citing *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1393 (9th Cir. 1988).

Predicate act number two allegedly exists because Erickson and others entered an Amyntor storage facility at Goguen's (Amyntor's founding and sole financing member) request and with his permission, and allegedly took

unidentified Amyntor stuff from the facility. Again, Plaintiffs fail to identify the RICO felonious act that comprises the alleged predicate act – 18 U.S.C. § 1961(1) – and, accordingly fail to plead the elements of whatever felonious act Plaintiffs allege, as they must. *Nutrition Distribution, supra*.

Plaintiffs must also plead Erickson's knowledge of the alleged Scheme. According to Plaintiffs' logic, Erickson must have known about the Scheme, or at least the court should somehow be able to stretch the allegations far enough to draw an inference that Erickson knew about the Scheme since he was purportedly employed by Two Bear Security, he was no longer a police officer, and he entered an Amyntor storage facility at the request of and with Goguen's permission, and allegedly took unidentified Amyntor stuff – predicate act number two. Plaintiffs' Reply Brief (Doc. 45) at 12. Plaintiffs make that bald assertion without explaining at any level how Erickson gained any knowledge of the Scheme through his association with Two Bear or how the fact that he was no longer a police officer[1] bestowed upon him knowledge of the Scheme.

Finally, Plaintiffs fail to allege any separate RICO damages apart from the damages purportedly flowing from the predicate act itself. Plaintiffs "must allege

---

[1] As a result of the investigative efforts in Marshall's criminal matter, we now know that Erickson was improperly run out of the Whitefish police department as a direct result of Marshall's fraudulent allegations against him.

an injury from the defendant's acquisition or control of an interest in a RICO enterprise *separate from an injury flowing from the racketeering activity itself*," and dismissal follows where plaintiffs "have not alleged any injury *other than the alleged economic loss flowing from the racketeering activity*." *MH Pillars Ltd. v. Realini*, 2018 WL 1184847, at *8 (N.D. Cal. Mar. 7, 2018). Plaintiffs allege no "damage" resulting from the "Pam Doe" investigation. (Doc. 45 at 13 – 14) (only need to show damage from one predicate act). The only damage asserted ostensibly arises from Erickson and others entering an Amyntor controlled storage facility and allegedly taking unidentified Amyntor stuff. Plaintiffs claim the resulting "damage was apparently Amyntor's inability to "wind up its affairs in an orderly manner." They also claim that alleged damage satisfies the causation requirement. (Doc. 45 at 13 - 14) Whether that alleged "damage," is a recoverable damage at all, is questionable at best. Regardless, even if it is, it is a damage flowing directly from the predicate act itself. *MH Pillars Ltd., supra*. That alleged damage is Plaintiffs' only ill-fated attempt to establish causation. They failed.

## CONCLUSION

Plaintiffs failed to adequately plead a RICO claim against any of the Defendants. Without that there can be no conspiracy, and Plaintiffs' conspiracy claim against Erickson fails. Plaintiffs' FAC is a convoluted lengthy and confusing mess and is anything but a "short and plain statement." That alone is

adequate justification for the FAC's dismissal. Finally, Plaintiffs' FAC fails in its entirety to allege any, let alone two, predicate acts that Erickson engaged in. Without the required predicate act showing, Plaintiffs' conspiracy claim fails.

The FAC should be dismissed in its entirety and with prejudice, never to be brought again.

## CERTIFICATE OF COMPLIANCE L.R. 7.1(D)(2)(E)

Pursuant to L.R. 7.1(d)(2)(E), the undersigned certifies that the body of this Brief contains 910 words calculated by Microsoft Word's word count.

DATED this 15th day of March, 2022.

        ROCKY MOUNTAIN LAW PARTNERS, P.C.


        /S/    *Bruce A. Fredrickson*
             Attorneys for Shane Erickson