IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MATTHEW MARSHALL, et al., | CV 21–19–M–DWM |
| Plaintiffs, | |
| vs. | ORDER |
| MICHAEL L. GOGUEN, et al., | |
| Defendants. | |

Defendants Frank, Rimerman + Co. LLP and Karen Valladao request that the Court take judicial notice of Marshall's plea agreement in *United States v. Marshall*, 9:20–cr–32–DWM, Doc. 178 (D. Mont. Nov. 4, 2021). (Doc. 70.) Plaintiffs did not file a brief in opposition, which means that the motion is deemed well-taken. *See* D. Mont. L.R. 7.1(d)(B)(ii). Moreover, notice is appropriate pursuant to Federal Rule of Evidence 201(b)(2), which permits courts to take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Courts "may take notice of proceedings in other

1

courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). "[A] court may [also] take judicial notice of its own records in other cases," *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980), or of pleadings and court orders that are matters of public record, *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

Accordingly, IT IS ORDERED that the motion for judicial notice (Doc. 70) is GRANTED. The Court takes judicial notice of Marshall's plea agreement in 9:20–cr–32–DWM. (*See* Doc. 70-1.) That document may then be considered in resolving the present motions to dismiss without converting them into motions for summary judgment. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

DATED this 31st day of March, 2022.

Donald W. Molloy, District Judge
United States District Court