Bruce A. Fredrickson
Angela M. LeDuc
Rocky Mountain Law Partners, P.C.
1830 3rd Avenue East, Suite 301
P. O. Box 1758
Kalispell, MT 59903-1758
Telephone:(406) 314-6011
Facsimile: (406) 314-6012
E-mail:   bruce@rmtlawp.com
          angie@rmtlawp.com
*Attorneys for Nic McKinley*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MATTHEW MARSHALL; JOHN MAGUIRE; KEEGAN BONNET; and ANTHONY AGUILAR, Individuals; and MATTHEW MARSHALL Derivatively on Behalf of AMYNTOR GROUP, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>MICHAEL L. GOGUEN, an individual; The Trustee of the MICHAEL L. GOGUEN TRUST, a California Trust; WHITEFISH FRONTIERS, L.L.C., a Delaware limited liability company; PROOF RESEARCH, INC., a Delaware corporation; KAREN VALLADAO, an individual; FRANK, RIMERMAN + CO. LLP, believed to be a California limited liability partnership; SHANE ERICKSON, an individual; SHAWN LEWIS, an individual; NIC | 9:21-CV-00019-DWM<br><br><br><br><br>**DEFENDANT, NIC McKINLEY'S REPLY BRIEF IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS** |

MCKINLEY, an individual; RICHARD
HEGGER, an individual; AMYNTOR
GROUP LLC, a nominal Defendant;
and DOES 1 through 100,

    Defendants.

COMES NOW Defendant, Nic McKinley with his Reply Brief in Support of Rule 12(b)(6) Motion to Dismiss (Doc. 90) and states as follows:

## INTRODUCTION

Plaintiffs' Response to McKinley's Motion to Dismiss does nothing to resurrect their fatally flawed FAC. For the most part, Plaintiffs' Response is simply an attempt to take another bite of the apple in response to the Goguen Defendants' motion, attempting an unauthorized sur-reply. But Plaintiffs' Response does not advance any argument—as there are none—that permit their case to pass Defendants' pleading stage challenges; the FAC remains nothing more than assembled gossip and disproven-scandal strung together in search of a cause of action under the RICO statute, as if citation to that law permits a plaintiff to come to federal court on any basis. Moreover, Plaintiffs' Response is more akin to a second attempt to amend their pleading by asserting that the FAC, as it was pleaded and filed, contains more allegations than actually exist. But, even with this unauthorized and impermissible attempted expansion of their claims, Plaintiffs' FAC states no *plausible* claim against McKinley upon which relief could be

granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## ARGUMENT

The Goguen Defendants' Opening Brief (Doc. 61), and subsequent Reply Brief (Doc. 92) as they relate to the two counts asserted against McKinley—Derivative Claim Two (Violation of 18 U.S.C. § 1962(b)), and Claim Six (Conspiring to Violate RICO in Violation of 18 U.S.C. § 1962(d))—are dispositive as to McKinley as well as the remaining defendants. Accordingly, they are adopted and will not be reiterated herein. Rather, McKinley's reply will focus on the matters actually raised in his Opening Brief (Doc. 91), the "permission" issue regarding access to the Amyntor storage unit raised in Plaintiffs' Response Brief (Doc. 98, pp. 6 – 7), and Plaintiffs' failure to overcome those arguments.

1. **FED. R. CIV. P., RULES 8 & 9.**

The FAC does not comply with the basic mandates of Rules 8 and 9. This failure is not insignificant or some "technicality," as it would render a merits defense of the claims—which appear ever-shifting in service of Plaintiffs' desire to exploit their lack of precision in pleading—effectively impossible. McKinley's and the other Defendants' Rule 8 and Rule 9 arguments have been extensively briefed, and this submission will not continue to kick the horse that has already died. Suffice it to say, that when a party is required follow a blind bunny trail of legal

and factual allegations through a confusing and disjointed 236 page, 941 paragraph, pleading to attempt to ascertain the nature and basis for claims against him—or any other individual defendant, for that matter—the "short and plain statement" contemplated by Rule 8 is not present. *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). That is particularly true here, where the FAC is primarily comprised of scurrilous and scandalous claims asserted, not for their legal import, but rather for attention grabbing shock and awe. Notwithstanding that McKinley was a defendant specifically joined into the case by Plaintiffs' amendments in the FAC, the claims against him, like those against the other "new" defendants," are not remotely clear. Rather, McKinley's name, like Hegger's, for example, appears to have been peppered into the FAC as an afterthought, primarily addressing the "trespass" allegations that—somehow—are now a feature of a case allegedly centered on the conduct of a so-called "Sexual Enterprise."

2.  **PLAINTIFFS' FAC ACKNOWLEDGES THAT MCKINLEY AND VIRTUALLY ALL DEFENDANTS OPERATED WITH GOGUEN'S PERMISSION.**

As noted, the central feature of the FAC as to McKinley appears to be the "trespass" claim regarding the Amyntor storage facility. In their Response, Plaintiffs argue that only Marshall could grant permission to McKinley, and others, to enter the Amyntor storage facility. (Doc. 98, p. 6). To support this, Plaintiffs assert that the FAC does not allege or acknowledge that McKinley, and others, were operating with the permission of Goguen, Amyntor's founding and sole

funding member. Not so. The FAC is replete with allegations that Defendants, including McKinley, were operating *at the direction* of Goguen. For example, s*ee, e.g.*, FAC ¶¶ 44, 60(e), 65, 83, 512, 587(c), 609, 617(f), 699(e), 766, 790, 794(h), 864, 875, 876. By stating that defendants operated at Goguen's "direction," Plaintiffs' own allegations defeat an argument that entry into the storage facility was without permission, and thus a trespass. "Direction," when given by an entity's founding and sole funding member, is permission and then some. "Direction" cannot happen unless the director is granting "permission" to those being directed to accomplish the task requested.

### 3. AMYNTOR'S DERIVATIVE CLAIM TWO FAILS AS IT RELATES TO MCKINLEY.

Plaintiffs' Claim Two fails as to McKinley, and all other named Defendants, for the same reasons articulated by the Goguen Defendants in their Opening and Reply Briefs. (Docs. 61 & 92, respectively). To the extent this Claim relates specifically to McKinley, Plaintiffs' Response unsuccessfully seeks to redefine the purported "predicate acts," "control," "continuity" and "relationship." None of these efforts save the Claim.

#### A. *Predicate Acts.*

For the first time, Plaintiffs now attempt to attribute a plethora of predicate acts to McKinley. Plaintiffs' Reply at pp. 16 – 17 (Doc. 98). Their attempted attribution, however, is purely speculative and conclusory—because we say it is

so, it must be so. The absence of plausible facts in support of Plaintiffs' claims is dispositive under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678-79. Plaintiffs continue to ignore Goguen's status as Amyntor's founding and sole financing member. They continue to deny Goguen's inherent authority direct and to grant permission to Defendants, including McKinley, to accomplish tasks directly related to Amyntor's business, of which Goguen had much more than a passing interest. Plaintiffs merely assert that only Marshall had rights relating to Amyntor but never explain how or why Goguen did not possess the basic rights to see, feel, touch and even assume information and assets belonging to Amyntor, the company he founded and funded. (Doc. 98, p. 6). As the allegations in the FAC itself make clear, McKinley's actions were permitted and directed by Goguen. Simply by stating otherwise does not make it so. *Twombly*, 550 U.S. at 555.

Notwithstanding their new plethora of purported McKinley predicates, at the end of the day, Plaintiffs fall back to the same two purported predicate acts that they began with: 1) the claim that McKinley entered an Amyntor storage unit at Goguen's direction, *i.e.*, with Goguen's permission, somehow constituting a trespass; and 2) the claim that, at Goguen's direction, *i.e.,* with his permission, McKinley purportedly took unidentified trade secrets and contracts from the storage unit. (Doc. 98 – Conclusion, p. 28). Plaintiffs' "predicate act" arguments as

to McKinley fails for the same reasons stated in McKinley's Opening Brief. (Doc. 91). Plaintiffs' reply does not change or diminish those arguments.

Finally, without ever specifically pleading them as stand-alone predicate act claims, Plaintiffs now attempt to tag "felony" acts to McKinley. (Doc. 98, p. 17). They apparently attempt to tag McKinley with "retaliation" against Amyntor or Marshall for some unknown acts. And they attempt to tag him with "felony" theft of trade secrets for purportedly taking Amyntor's property while allegedly acting at Goguen's direction and with his permission. Nowhere in the FAC are those alleged felony "predicate acts" pleaded with particularity as stand-alone acts against McKinley. The closest Plaintiffs can come (after picking through 900 plus paragraphs of the FAC) is paragraph 702 (18 U.S.C. § 1513 & § 1832), which addresses damages and injury. That is not enough. Facts supporting the essential elements of these felonies are not identified anywhere in the FAC, and nowhere does the FAC plead those claims against McKinley, as they must be to survive. *Nutrition Distribution, LLC v. Custom Nutraceuticals, LLC*, 194 F.Supp.3d 952, 958 (D. Ariz. 2016) citing *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1393 (9th Cir. 1988).

### B.     *Relationship/Continuity.*

Plaintiffs cite the law governing the relationship and continuity requirements for RICO claim predicate acts, but then conspicuously fail to apply it in response to

Defendants' identification of the FAC's multiple pleading failures. Plaintiffs' omission is perhaps understandable because actually relying on law would defeat their claims. For the same reasons stated in McKinley's Opening Brief, RICO's continuity and relationship elements are non-existent in the facts alleged against him. Even if Plaintiffs would have properly pleaded the existence of two predicate acts attributable to McKinley, the FAC would nevertheless fail. The mere existence of two "predicate acts" is not sufficient—those acts must be related and must "amount[ ] to, or threaten[ ] the likelihood of, continued criminal activity." *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 237 - 240, 109 S.Ct. 2893, 2899 - 2901 (1989). Continuity must be demonstrated over a closed period by proving a series of related predicates extending over a substantial period of time. But it is well established that "predicate acts extending over a few weeks or months and threatening no future criminal conduct *do not satisfy this requirement* …." *H.J. Inc*, 492 U.S. at 242 (emphasis added). Plaintiffs' reliance on claims regarding the Amyntor storage facility doom any effort to meet this standard— those allegations are isolated in time, place, and scope. Trespass into a local storage unit (even if permission were not in place, as exists here) does not meet RICO-level "continuity" with a threat of continuing future criminality.

### C. Control.

Plaintiffs contend that McKinley obtained "control" over Amyntor when McKinley allegedly entered Amyntor's storage facility and obtained property belonging to Amyntor. Plaintiffs ignore Goguen's legitimate business-related control as a result of his ownership and financial interest in the company. The Goguen Defendants adequately addressed the control issue and it will not be repeated here. (Doc. 92, pp. 6-8). *See also*, McKinley's Opening Brief, pp. 19-20 (Doc. 91).

### D. Causation and Damage.

Defendants have repeatedly shown that Plaintiff's predicate act allegations cannot support a RICO claim because any articulation of proximate causation connecting the alleged "racketeering" activity (the conduct of a "Sexual Enterprise" and its alleged cover-up) to the injury complained of (massive sums of future lost wages and revenue from Amyntor, had it not failed) necessarily relies on a lengthy, attenuated chain of causation involving intervening independent acts by third-parties. This issue has been briefed *ad nauseum*, and McKinley will not repeat its details and legal authority here. However, it bears noting that Plaintiffs' Response as to McKinley further demonstrates that proximate causation is lacking. Plaintiffs now attempt to pin their injury and damages not to the broad allegations regarding the "Sexual Enterprise," but to the specific acts of trespass and trade

secret theft they allege took place with respect to the Amyntor storage facility. There is, quite simply, no plausible—or pleaded—direct connection between these acts and Amyntor's failure to succeed at obtaining government contracts, earning massive sums of income, and eventually paying that out in the form of salary to Plaintiffs.

### 2.     CLAIM VI – CONSPIRACY.

If the underlying RICO claims fail, so too do the conspiracy claims. Plaintiffs do not dispute this basic principle of law, and it remains dispositive as to Claim Six.

### CONCLUSION

Plaintiffs' briefing, not only as it relates to McKinley, but frankly as it relates to all Defendants, is no more than a word salad of RICO "buzz words" lost in space within the 236 page, 941 paragraph, FAC. Plaintiffs fail to tie those words to a cognizable legal theory alleging "sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible on its face*.'" *Iqbal*, 556 U.S. at678-79 (quoting *Twombly*, 550 U.S. at 570).

Plaintiffs' action against McKinley (and all other Defendants) stated in its FAC should be dismissed in its entirety and with prejudice, never to be brought again.

/ / / /

DATED this 13th day of April, 2022.

                              ROCKY MOUNTAIN LAW PARTNERS, P.C.

                              /S/    *Bruce A. Fredrickson*
                                   Attorneys for Defendant, Nic McKinley

### CERTIFICATE OF COMPLIANCE
### L.R. 7.1(d)(2)(E)

Pursuant to L.R. 7.1(d)(2)(E), the undersigned certifies that the body of this Brief contains 1964 words calculated by Microsoft Word's word count.